COMPLAINT

Filed in the 38th Judicial Circuit Court for the County of Monroe, Michigan.

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |

| **STATE OF MICHIGAN**<br>38th      JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | **CASE NO.**<br>2024- 147895 -CB<br>Hon. Daniel White |

**Court address**
125 East Second Street, Monroe, MI. 48161-2197

**Court telephone no.**
734-240-7000

| Plaintiff's name, address, and telephone no.<br>RICHMOND MAIN, LLC<br>a Michigan Domestic Limited Liability Company<br><br>c/o Plaintiff's Attorney | v | Defendant's name, address, and telephone no.<br>FRENCHTOWN SQUARE PARTNERSHIP<br>5577 Youngstown-Warren Road<br>Niles, OH 44446 |

Plaintiff's attorney, bar no., address, and telephone no.
PHILLIP A. GREENBLATT, PLLC
P.O. Box 4270
Southfield, MI 48037
(248) 227-7350

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☑ Court of Common Pleas, Trumbell County, Ohio _____ Court, where
it was given case number 2022 CV 00056 _____ and assigned to Judge Peter J. Kontos _____

The action ☐ remains ☑ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/11/24 | Expiration date*<br>10/10/24 | Court clerk |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## MONROE COUNTY CIRCUIT COURT

RICHMOND MAIN, LLC,
a Michigan Domestic Limited Liability Company

      Plaintiff,

                                    Case No. 24- 147885 -CB

v.                                  Hon. Daniel White

FRENCHTOWN SQUARE PARTNERSHIP,
an Ohio General Partnership registered with the
Ohio Secretary of State,

      Defendant
_____/

PHILLIP A. GREENBLATT, PLLC
Phillip A. Greenblatt (P54170)
Attorney for Plaintiff
P.O. Box 4270
Southfield, MI 48037
(248) 227-7350
phil@phillipagreenblattpllc.com
_____/

A civil action between these parties or other parties arising out of the same transaction or occurrence alleged in the complaint has been previously filed in the Court of Common Pleas, Trumbull County, Ohio where it was given case number 2022 CV 00056 and assigned to Judge Peter J. Kontos and the action is no longer pending with entry of a dismissal without prejudice.

The Plaintiff requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035.

This case qualified as a business or commercial dispute as defined by MCR 2.112(O) and MCL 600.8031(1)(c)(i)-(iii) as: One or more is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, member of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships.

Pursuant to MCL 600.8031(2) the business or commercial dispute includes, but is not limited to, those involving: Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available

1

administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements.

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

NOW COMES the Plaintiff, RICHMOND MAIN, LLC, by and through Plaintiff's

attorney, Phillip A. Greenblatt, PLLC, and for Plaintiff's Complaint, states as follows:

### General Allegations

1.   That Richmond Main, LLC, ("Richmond") is a Michigan Domestic Limited Liability Company organized under the "Articles of Organization" executed by organizer Nathir Hermez ("Nathir") and electronically filed with the Michigan Department of Labor and Regulatory Affairs ("LARA") on November 22, 2019. (Exhibit 1 – Articles of Organization "Articles").

2.   That the Articles identify Nathir as the "Registered Agent" and the "Registered Office" as located at 56684 Hartley Dr. West, Shelby Twp., MI 48316. (See Also, Exhibit 1).

3.   That LARA lists filings through 2024 of Annual Statements by Richmond identifying member/manager/agent with title as owner and as the resident agent maintaining the registered office in Macomb County, Michigan. (Exhibit 2 – Annual Statements).

4.   That Frenchtown Square Partnership ("Frenchtown") refers to itself as "Developer" and/or owner and is organized under the laws of the State of Ohio with its principal place of business at 5577 Youngstown-Warren Road, Niles, Ohio 44446.

5.   That Frenchtown expressly holds itself out as having had entered into an Operation and Easement Agreement ("OEA") with Dayton Hudson Corporation ("Target") on August 3, 1994, in Ohio, to set forth each Party's rights and responsibilities in developing and operating certain premises now known as The Mall of Monroe ("Mall") shopping center in Monroe, Michigan. (Exhibit 3 – OEA, Recorded on August 4, 1994 in the Monroe County, Michigan, Register of Deeds, Liber 1396 Page 0958).

2

5. That the Michigan Monroe County Circuit Court has jurisdiction by reason of the fact that the OEA is recorded in the Monroe County Register of Deeds located in Monroe, Michigan.

6. That the Michigan Monroe County Circuit Court has jurisdiction by reason of the fact that the Mall is located in Monroe, Michigan.

7. That the Michigan Monroe County Circuit Court has jurisdiction by reason of the fact that Frenchtown is the land developer, owns and/or operates the Mall in Monroe, Michigan.

8. That the Michigan Monroe County Circuit Court has jurisdiction by reason of the fact that Richmond acquired a real estate ownership interest by Covenant Deed from Target in a building attached to and partitioned from the Mall located in Monroe, Michigan. (Exhibit 4 – Covenant Deed between Grantor Target and Grantee Richmond, Monroe County Register of Deeds, Recording Date 06/30/2021 and Document 2021R17209).

9. That the Michigan Monroe County Circuit Court has jurisdiction by reason of the fact that part and parcel to Targets conveyance of real property to Richmond that Richmond similarly acquired an ownership interest by Bill of Sale from Target to Richmond in the personal property and fixtures located within and on the conveyed real estate building interest attached to and partitioned from the Mall located in Monroe, Michigan. (Exhibit 5 – Bill of Sale between Target and Richmond).

10. That the Michigan Monroe County Circuit Court has jurisdiction by reason of the fact that an Assignment and Assumption of the OEA part and parcel to Targets conveyance of real property subrogated Richmond's right to exercise Target's defenses against the continued applicability of the OEA concerning Richmond's acquired real estate ownership interest in the building attached to and partitioned from the Mall located in Monroe, Michigan. (Exhibit 6 –

3

Assignment and Assumption of OEA, Monroe County Register of Deeds, Recording Date 06/30/2021 and Document 2021R17209).

11. That the Plaintiff's premises are used as a commercial auto parts warehouse only and the premises are petitioned from the mall thereby preventing mall entry.

12. That the Plaintiff's premises are used as a commercial auto parts warehouse only and the premises are closed to public sidewalk entry.

13. That the amount in controversy exceeds $25,000.00 exclusive of interest.

14. That the Complaint seeks declaratory relief and finding of damages including statutory and equitable in nature.

### The Ohio Lawsuit

15. Plaintiff incorporates by reference and adopts as if fully set forth herein allegation Nos. 1 through 14 of the Plaintiff's Complaint.

16. That most notably of material fact is that the OEA was recorded on August 4, 1994 in the Monroe County, Michigan, Register of Deeds, Liber 1396 Page 0958 because that is the county and state where the Mall is situated. (See Also, Exhibit 3 – OEA).

17. That Frenchtown developed, owns, and operates the Mall in Monroe County, Michigan and has had an actual daily presence in Monroe County, Michigan for no less than the period of time dating back to the inception of the OEA.

18. That Frenchtown along with all other owners, occupiers, tenants, and licensees of the Mall conduct business and have a continuous and systematic presence in Monroe County, Michigan.

19. That Richmond conducts business and has had an actual daily presence in Monroe County, Michigan for no less than the period of time dating back to the execution of the

4

Covenant Deed, Bill of Sale, and Assignment and Assumption of the OEA between Target and Richmond.

20. That Richmond along with all other owners, occupiers, tenants, and licensees of the Mall conduct business and have a continuous and systematic presence in Monroe County, Michigan.

21. That the OEA is silent as to personal jurisdiction and venue, and arguments or adoption of long arm applicability of Ohio law is misplaced and tenuous at best given the actual presence of the parties to this litigation in Monroe County, Michigan where the Mall is located. (See Also, Exhibit 3 – OEA).

22. That the Ohio court observed an indisputable fact that the OEA entered into between Frenchtown and Target had "no choice of venue or personal jurisdiction clause in the OEA." (Exhibit 7 – Ohio Court - Order Denying Motion for Summary Disposition).

23. That the Ohio Court rendered a tenuous finding of personal jurisdiction under Ohio's long arm statute.

24. That specifically, the Ohio court made a determination in finding personal jurisdiction based on Ohio's Long-Arm Statute that Richmond did not engage in any business within the state of Ohio but for the assumption of an assignment as between Target and Richmond allowing Frenchtown to claim indebtedness by Richmond to Frenchtown by billing demands, emails and phone calls by Frenchtown to Richmond along with the alleged breach of contract for non-payment under the OEA as constituting minimum contacts to deny Richmond's Motion for Summary Disposition based on lack of personal jurisdiction.

25. That the Ohio court further held moot Richmond's Motion for Summary Disposition on the pleadings for failing to state a claim because the Ohio court granted Frenchtown's leave to file an amended complaint.

26. That the Ohio Court never heard arguments as to the merits of the Frenchtown's complaint, nor was the Ohio court presented with the most materially relevant fact that buried within and on the face of a term within the 79-page, single-spaced OEA that Target was excused from operation of the OEA.

27. That in fact, the prior action in an Ohio court by Frenchtown against Richmond was never decided on the merits of the case as the parties' entered into a Settlement Agreement under which Richmond paid Frenchtown the sum of $138,501.00, and Frenchtown filed a Notice of Dismissal Without Prejudice. (Exhibit 8 – Settlement Agreement) (Exhibit 9 – Ohio Court, Notice of Dismissal Without Prejudice).

28. That the lawsuit filed by Frenchtown against Richmond was premised on Frenchtown's omission of a fatal essential material fact barring all theories of recovery and any remedy in that Target and in turn by extension under the Assignment between Target and Richmond that Richmond was expressly excused from performance under the stated terms of the OEA drafted by Frenchtown.

29. That the lawsuit filed by Frenchtown against Richmond was grounded on Frenchtown's fraudulent material misrepresentation that Frenchtown was entitled to any theory of recovery and remedy.

30. That the Settlement Agreement entered into between Frenchtown and Richmond was grounded on Frenchtown's fraudulent material misrepresentation that Frenchtown was entitled to any theory of recovery and remedy.

31. That the Settlement Agreement arising out of Frenchtown's omission of a fatal essential material fact barring all theories of recovery and any remedy thereby constituting a fraudulent material misrepresentation that Frenchtown was entitled to any theory of recovery and remedy under a Settlement Agreement and therefore demands that the Settlement Agreement be held for naught.

32. That Frenchtown's materially misrepresented to the Ohio Court that Richmond was doing business as Quality Auto Parts ("QAP") and, as such, declaratory relief requires that QAP be severed and stricken from the proceedings.

33. That Frenchtown is guilty of laches.

### The OEA - Provision 5.1 Operating Covenants/Uses

34. Plaintiff incorporates by reference and adopts as if fully set forth herein allegation Nos. 1 through 33 of the Plaintiff's Complaint.

**Provision 5.1(A) Developer's Operating Covenant**

35. Specifically, the OEA expressly and unambiguously states that, "Notwithstanding the foregoing, this operating covenant shall terminate as to Target at such time as Target permanently ceases to be open for business to the public." (See Also, Exhibit 3 – OEA, Article V, Operation of the Shopping Center, 5.1 Operating Covenants/Uses., (A) Developer's Operating Covenant, Page 26.).

**Provision 5.1(B) Target's Operating Covenant**

36. Specifically, the OEA expressly and unambiguously states that, "Target shall be released from its operating covenant as set forth above in the event that at any time following Target's initial opening for business less than seventy-five (75%) of the Mall Store Buildings

shall be operating as mall stores. (See Also, Exhibit 3 – OEA, Article V, Operation of the Shopping Center, 5.1 Operating Covenants/Uses., (B) Target's Operating Covenant, Page 27.).

37. That Frenchtown has had actual knowledge of the Mall's occupancy rate below seventy-five (75%) of the Mall Store Buildings shall be operating as mall stores for more than six (6) months dispensing with and defeating any claim or defense by Frenchtown in the event of a lack of written notice of the fact by Target to Frenchtown.

**Import of Application of Provision 5.1(A) and (B)**

38. That the terms of the OEA was drafted by Frenchtown and, as such, the Monroe County Circuit Court may take judicial notice that is common knowledge that the terms of a binding legal document are construed against the drafter.

39. That on or about February 1, 2015, Target ceased doing business in the Mall. (Exhibit 10 – The Monroe News, Publication date November 3, 2014).

40. That Richmond entered into the Assignment with Target on May 10, 2021. (See Also, Exhibit 6 – Assignment between Target and Richmond).

41. That the assignment provides in materially relevant part that, "E.  Assignee accepts the assignment of the OEA, including any . . . 'defenses stemming from or related to the OEA' . . . ." (See Also, Exhibit 6 – Assignment between Target and Richmond, Page 1).

42. That the assignee, Richmond, is in fact entitled to step in the shoes and exercise Targets reliance on and enforcement of its defense of the operation of the OEA as to Richmond as specifically and expressly drafted by Frenchtown and set forth in the OEA pursuant to Article V, Operation of the Shopping Center, 5.1 Operating Covenants/Uses., (A) Developer's Operating Covenant, Page 26 and (B) Target's Operating Covenant, Page 27. (See Also, Exhibit 3 – OEA).

43. That as developer, owner and operator of the Mall, Frenchtown had actual knowledge of the materially relevant fact that Target ceased doing business years before Richmond executed the assignment from Target and the application of Provision 5.1(A) releasing Richmond from the OEA and in turn from the Settlement Agreement.

44. That as developer, owner and operator of the Mall, Frenchtown had actual knowledge of the materially relevant fact that the Malls occupancy rate dropped below seventy-five (75%) of the Mall Store Buildings operating as mall stores for more than six (6) months dispensing with and defeating any claim or defense by Frenchtown in the event of a lack of written notice of the fact by Target to Frenchtown years before Richmond executed the Assignment from Target and the application of Provision 5.1(B) at all relevant times releasing Richmond from the OEA and in turn from the Settlement Agreement.

45. That as the developer, owner and operator of the Mall, Frenchtown had actual knowledge of the materially relevant fact that Richmond entered into, with Frenchtown's approval, the Assignment as between Target and Richmond.

46. That as the developer, owner and operator of the Mall, Frenchtown had actual knowledge of the materially relevant fact that Richmond acceptance of the Assignment entitled Richmond by extension thereto to exercise Targets reliance on and enforcement of its defense of the operation of the OEA as specifically and expressly drafted by Frenchtown.

47. That as the developer, owner and operator of the Mall, Frenchtown had actual knowledge of the materially relevant fact that the OEA had ceased in and was of no further legal force and effect as between Frenchtown and Target and thereby by extension to Richmond by reason of the Assignment between Target and Richmond approved by Frenchtown.

9

48. That as the developer, owner and operator of the Mall, Frenchtown despite having had actual knowledge of the materially relevant fact that the OEA had ceased in and was of no further legal force and effect as between Frenchtown and Target fraudulently misrepresented to Richmond and engaged in a series of illegal written demands, emails and phone calls directed to Richmond demanding payment for claims of obligations under the terms and conditions of the OEA.

49. That as the developer, owner and operator of the Mall, Frenchtown despite having had actual knowledge of the materially relevant fact that the OEA had ceased in and was of no further legal force and effect as between Frenchtown and Target fraudulently used interstate commerce across state lines to materially misrepresent to Richmond and engage in a series of illegal written demands, emails and phone calls directed to Richmond demanding payment for claims of obligations under the terms and conditions of the OEA.

50. That as the developer, owner and operator of the Mall, Frenchtown despite having had actual knowledge of the materially relevant fact that the OEA had ceased and was of no further legal force and effect as between Frenchtown and Target fraudulently misrepresented to Richmond and engaged in a series of illegal written demands, emails and phone calls directed to Richmond demanding for claims of obligations under the terms and conditions of the OEA.

51. That as the developer, owner and operator of the Mall, Frenchtown despite having had actual knowledge of the materially relevant fact that the OEA had ceased and was of no further legal force and effect as between Frenchtown and Target and thereby by extension to Richmond by reason of the Assignment between Target and Richmond approved by Frenchtown that Frenchtown filed a lawsuit in an Ohio Court fraudulently misrepresenting personal

jurisdiction over Richmond knowing full well that Frenchtown had no legal recourse under the OEA as to Richmond in Ohio, or in any court.

52. That Frenchtown's lawsuit in an Ohio Court materially misrepresented to the Ohio Court that Richmond was doing business as Quality Auto Parts ("QAP").

53. That as the developer, owner and operator of the Mall, Frenchtown despite having had actual knowledge of the materially relevant fact that the OEA had ceased in and was of no further legal force and effect as between Frenchtown and Target and thereby by extension to Richmond by reason of the Assignment between Target and Richmond approved by Frenchtown that Frenchtown drafted and secured the execution of a Settlement Agreement which was the direct product and arose out of Frenchtown's fraud in the filing of the Ohio lawsuit naming Richmond doing business as QAP knowing full well that Frenchtown had no legal recourse under the OEA in an Ohio or any court and by extension to any settlement agreement which was the product of Frenchtown's fraud.

54. That Frenchtown secured payment in the sum total of $138,50.00 from Richmond under the Settlement Agreement which was the direct product and arose out of Frenchtown's fraud in the filing of the Ohio lawsuit naming Richmond doing business as QAP knowing full well that Frenchtown had no legal recourse under the OEA in an Ohio or any court and by extension to any settlement agreement which was the product of Frenchtown's fraud constituting the illegal statutory conversion under Michigan law of property in the form of money belonging to Richmond.

## COUNT I – ACTION FOR DECLATORY RELIEF

55. Plaintiff incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-54 of the Plaintiff's Complaint.

56. That pursuant to MCR 2.605(A) this Honorable Court has "Power to Enter Declaratory Judgment." (West 2024).

57. That pursuant to MCR 2.605(A)(1) the power to enter a declaratory judgment applies "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." (West 2024).

58. That pursuant to MCR 2.605(A)(2), "For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment." (West 2024).

59. That pursuant to MCR 2.605(C), "The existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case." (West 2024).

60. That pursuant to MCR 2.605(D), "The court may order a speedy hearing of an action for declaratory relief and may advance it on the calendar" (West 2024), which is requested by Richmond in this case based on the aforementioned circumstances as stated with particularity in Richmond's Complaint herein.

61. That pursuant to MCR 2.605(E), "Declaratory judgments have the force and effect of, and are reviewable as, final judgments." (West 2024).

62. That pursuant to MCR 2.605(F), "Other Relief. Further necessary or proper relief based on a declaratory judgment may be granted, after reasonable notice and hearing, against a party whose rights have been determined by the declaratory judgment." (West 2024).

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff

12

and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as

the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained

damages, award actual, punitive, and treble damages, along with costs and actual and reasonable

attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims

along with any other relief deemed appropriate by this Honorable Court based on the

Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT II - FRAUD

63. Plaintiff incorporates by reference and adopts as if fully set forth herein the

allegations set forth in Paragraph Nos. 1-62 of the Plaintiffs' Complaint.

64. That since the recording of the OEA in the Register of Deeds Office in Monroe

County, Michigan on August 4, 1994 concerning the Mall, an MiCOURT Case Search of

litigation commenced by Frenchtown as a named plaintiff identifies only a single case filing in

the Monroe County Circuit Court that being case number 1997-0000006953-CZ some 27 years

ago. (Exhibit 11 – MiCOURT Case Search).

65. That since the recording of the OEA in the Register of Deeds Office in Monroe

County, Michigan on August 4, 1994 concerning the Mall, a CourtView of the Trumbull County,

Ohio identifies 10 additional instances of litigation other than against Richmond commenced by

Frenchtown as a named plaintiff during the 9-year period of 2016 through 2024. (Exhibit 12 –

Ohio CourtView Case Search).

66. Frenchtown purposely filed a frivolous lawsuit devoid of arguable legal merit in an

Ohio Court for the purpose to burden, harass, embarrass, and needlessly drive up the costs of

litigation to Richmond in an effort to leverage a settlement of a claim for which Frenchtown was

not entitled to a legal recovery and Frenchtown further did so fully knowing that the subject

matter property, recording of the OEA, and the parties' actual presence was in Monroe County,

Michigan.

67. Frenchtown purposely induced Richmond to enter a Settlement Agreement as a result of the filing of an out of state lawsuit in Ohio fully knowing that the subject matter property, recording of the OEA, and the parties' actual presence was in Monroe County, Michigan.

68. Frenchtown demanded drafted the Settlement Agreement representing and demanding that Richmond's performance was required under the OEA despite Frenchtown's actual knowledge that Richmond was expressly excused from performance under the OEA lawsuit filed in Ohio.

69. Frenchtown accepted the sum of $138,501.00 from Richmond under the fraudulently procured Settlement Agreement knowing that Richmond was in fact not financially obligated to Frenchtown and Frenchtown did so and continues to demand further payment and threatens additional litigation in Ohio to systematically and continuously funnel, and/or convert, shelter, launder, and filter assets including money rightfully belonging to Richmond and for which Frenchtown has complete and unfettered access and control over said proceeds but has failed to perform, deliver, and cure Frenchtown's willful and purposeful fraudulent conduct.

70. Richmond performed to Richmond's detriment in reliance on Frenchtown's fraudulent misrepresentations to the Ohio court.

71. Frenchtown benefitted by Richmond's performance.

72. Frenchtown's fraudulent misrepresentations constitute the direct and proximate cause of the foreseeable actual damages sustained by Richmond and for which the only adequate remedy is to grant the relief requested by Richmond.

73. Richmond has sustained damages in the principal amount of $138,501.00 along with costs, reasonable attorney fees, lost interest, and all other relief that that this Honorable Court awards arising out of Frenchtown's fraudulent misrepresentations including treble damages to

inform Frenchtown that the malfeasance shall not be tolerated under the law or in equity.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

17

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable

18

attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT III
## STATUTORY CONVERSION

74. Plaintiff incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-73 of the Plaintiff's Complaint.

75. Michigan law specifically provides for Richmond's statutory recovery in the amount of three times the value of Richmond's actual damages along with costs and reasonable attorney fees arising out of Frenchtown's statutory stealing, embezzling, or conversion of property, and money belonging to Richmond and for which Michigan law specifically states:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>
> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

MCL 600.2919a (West, 2024).

76. Frenchtown stole, embezzled, or converted money proceeds rightfully belonging to Richmond by the filing of a frivolous lawsuit devoid of arguable legal merit in an Ohio Court for the purpose to burden, harass, embarrass, and needlessly drive up the costs of litigation to Richmond knowing in an effort to leverage a settlement of a claim for which Frenchtown was not entitled to a legal recovery and Frenchtown further did so fully knowing that the subject matter property, recording of the OEA, and the parties' actual presence was in Monroe County, Michigan.

77. Richmond is entitled to the recovery of statutory damages pursuant to MCL 600.2919a against Frenchtown in the amount of three (3) times the principal of $138,501.00 for a sum total of $415,503.00 along with the recovery of actual costs and reasonable attorney fees, and lost interest arising out of Frenchtown's statutory conversion.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by

Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

21

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT IV – ACTION FOR DECLATORY RELIEF FOR DETERMINATION THAT PLAINTIFF IS ENTITLED TO A FULL ACCOUNTING OF INTEREST IN REAL PROPERTY

78. Richmond incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-77 of the Plaintiff's Complaint.

79. That Frenchtown's failure to produce a full and complete historical account of all income, expenses, improvements, and changes of any and nature concerning the subject matter Target/Richmond parcel from the date of Target's acquisition of the subject matter parcel to the present must be considered an act of fraud, deceit, misrepresentation, coercion, or unjust enrichment to obtain or use or attempt to obtain or use Richmond's money or property to directly or indirectly benefit Frenchtown to the detriment of Richmond.

80. That Frenchtown's failure to produce a full and complete historical account of all income, expenses, improvements, and changes of any and nature concerning the subject matter Target/Richmond parcel from the date of Target's acquisition of the subject matter parcel to the present must be considered an act of purposeful material concealment by Frenchtown as an action or lack thereof in furtherance of Frenchtown's coercive intention to demand and secure funds rightfully belonging to Richmond.

81. That Richmond is entitled to the entry of an order for declaratory relief requiring that Frenchtown produce a full and complete historical account of all income, expenses, improvements, and changes of any and nature concerning the subject matter Target/Richmond parcel from the date of Target's acquisition of the subject matter parcel to the present.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

23

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

24

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT V - UNJUST ENRICHMENT

82. Plaintiff incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-81 of the Plaintiffs' Complaint.

83. Frenchtown wrongfully used, negotiated, and retained proceeds of Richmond's payment of $138,501.00 secured through fraud and has failed to disgorge and cure the principal amount due and owing to Richmond to make Richmond whole as a result of the wrongful conduct.

84. Frenchtown has been unjustly enriched by the retention of the benefit of the proceeds and for which to prevent injustice Frenchtown must be ordered to return the proceeds in full as the only adequate remedy is to grant the relief requested by Richmond including costs, reasonable attorney fees and the lost interest as the retention must not be tolerated under the law or in equity.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by

26

Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT VI – ACTION TO QUIET TITLE REAL PROPERTY

85. Plaintiff incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1 – 84 of the Plaintiff's Complaint.

86. Plaintiff seeks pursuant to MCL 600.1605(a) the recovery of real property, or of an estate or interests therein, or for the determination in any form of such right or interest.

87. That pursuant to MCL 600.2932(1), "Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." (West, 2024).

88. That consistent with MCR 3.114(B)(2)(b), Richmond's Complaint alleges a conveyance by Covenant Deed, an Assignment of interest in real property, and a Bill of Sale of interest in personal property and fixtures in the subject matter Target portion of the parcel of land. (See Also, Exhibits 4-6).

89. That consistent with MCR 3.114(B)(2)(b), Richmond's Complaint alleges a conveyance by Covenant Deed, an Assignment of interest in real property, and a Bill of Sale of interest in personal property and fixtures in the subject matter Target portion of the parcel of land to step in the shoes of Target's existing interest at the time of conveyance, assignment, and bill of sale. (See Also, Exhibits 4-6).

90. That Richmond further states that consistent with MCR 3.114(C)(2), Richmond's Complaint sets forth "Written Evidence of Title to be Referred to in Pleadings" and Richmond "attach[ed] to the complaint, . . . a statement of the title on which the pleader relies, showing from whom the interest in title was obtained and the page and book where it appears of record" that being recorded in the Monroe County, Michigan Register of Deeds concerning the parcel of real property located in Monroe County, Michigan with a property described as set forth in each of the Exhibit A Legal Descriptions attached to each of the document. (See Also, Exhibits 4 -6).

91. That the earliest time upon which Richmond's claim began to accrue was no sooner than the date of execution of the conveyance of the Covenant Deed, Assignment, and Bill of Sale

29

from Target to Richmond in May, 2021 and, as such, Richmond's action herein is timely within the express language of MCL 600.5801 stating, "No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section. (4) In all other cases under this section, the period of limitation is 15 years." (West 2024).

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that

the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

31

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT VII - CONSTRUCTIVE TRUST TO ENJOIN LIQUIDATION OR DIMUNITION OF REAL PROPERTY

92. Richmond incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-91 of the Plaintiff's Complaint.

93. Plaintiff is entitled to a constructive trust as an equitable remedy created not by intent or by agreement of Frenchtown and Richmond, but by the operation of law.

94. The Court's imposition of a constructive trust is necessary in equity or to prevent unjust enrichment to preserve an equal amount of Richmond's loss against and to enjoin Frenchtown from liquidation and diminution of the equivalent value of Richmond's loss by Frenchtown in the value of the subject matter real property.

95. The Court may impose a trust because property has been obtained through fraud, misrepresentation, concealment, undue influence, and similar circumstances rendering unconscionable for Frenchtown to retain and enjoy the property.

96. That Frenchtown's conduct and retention of the benefit is the reason for imposing a constructive trust and enjoinment from liquidation and diminution applicable to Frenchtown's personal and real property to secure the interests in rendering Richmond whole from the losses sustained as a result of Frenchtown's conduct.

97. That the imposition of a constructive trust and enjoinment from the liquidation or diminution is required to correct Frenchtown's retention of a benefit owed to Richmond.

98. That it would be unjust to allow the Frenchtown to retain the benefit and an inequity resulting to Richmond because of the retention of the benefit which may only be adequately remedied by the establishment of a constructive trust and enjoinment preventing Frenchtown from disposing, moving, liquidating, or otherwise engaging in the diminution of the value personal and real property until such time as Richmond is rendered whole for the amount of the sustained damages.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and

secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form

34

of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.
e Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT VIII - EQUITABLE RELIEF

99. Plaintiff incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-98 of the Plaintiff's Complaint.

100. That the conduct set forth in the preceding paragraphs requires the complaining party be enabled to obtain an order of equitable relief because the conduct of the adverse party is unconscionable, inequitable, illegal and for which justice so demands equitable relief to prevent further loss and to render Richmond whole under the circumstances.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that

36

the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

37

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

## COUNT IX - DECLARATORY RELIEF PURSUANT TO MCR 2.605 AND REQUEST FOR SPEEDY HEARING OF ACTION AND ADVANCEMENT ON THE COURT'S CALENDAR

101. Plaintiff incorporates by reference and adopts as if fully set forth herein the allegations set forth in Paragraph Nos. 1-100 of the Plaintiff's Complaint.

102. That the conduct set forth in the preceding paragraphs constitutes a case of actual controversy requiring a declaration of rights and other legal relations of an interested party seeking a declaratory judgment and regardless of the existence of another adequate remedy withing the meaning of MCR 2.605(A)(1) and (C) and for which under the circumstances the Court may order a speedy hearing of an action for declaratory relief and may advance it on the

38

calendar within the meaning of MCR 2.605(D).

103. That the conduct set forth in the preceding paragraphs requires the complaining party be enabled to obtain an adjudication of rights before additional actual injuries or losses occur and for which justice so demands declaratory relief under the circumstances.

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney, PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff and enter an order for declaratory relief holding that the Court has personal and subject matter jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in and along with the actual presence of the parties, and the recording of the OEA in Monroe County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent

misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that

40

the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter

portion of real property that Plaintiff acquired from Target along with actual costs, reasonable

attorney fees, and such other relief as the Court deems appropriate and just arising out of the

Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that

the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from

disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal

and real property until such time as the Plaintiff is rendered whole for the amount of sustained

damages, award actual, punitive, and treble damages, along with costs and actual and reasonable

attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims

along with any other relief deemed appropriate by this Honorable Court based on the

Defendant's fraudulent misrepresentations and conduct under the circumstances.

## CONCLUSION

WHEREFORE the Plaintiff, Richmond Main, LLC, by and through Plaintiff's attorney,

PHILLIP A. GREENBLATT, PLLC prays that this Honorable Court find in favor of Plaintiff

and enter an order for declaratory relief holding that the Court has personal and subject matter

jurisdiction over the Plaintiff 's Complaint based on the existence of the Mall being located in

and along with the actual presence of the parties, and the recording of the OEA in Monroe

County, Michigan;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the

Plaintiff was the object of the Defendant's fraud in that the Defendant filed a lawsuit in Ohio and

secured a settlement agreement prior to Notice of Entry of Dismissal Without Prejudice based on

the Defendant's fraudulent misrepresentation that the Assignment from Target to the Plaintiff

held the Plaintiff responsible for performance and payment under the OEA which was known by Defendant on the face of the OEA as no longer effective as to Target and by extension to the Plaintiff by reason of the Assignment providing for Plaintiff's subrogation of Target's defenses to applicability of OEA and, as such, that the Plaintiff is not obligated to perform under the OEA nor under the Settlement Agreement;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Defendant in naming Plaintiff as doing business as Quality Auto Parts in the Ohio lawsuit and the Settlement Agreement arising out of the Ohio litigation was a fraudulent misrepresentation upon the court and opposing party entitling that any and all references to "doing business as Quality Auto Parts be stricken and held for naught;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, punitive damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of Plaintiff's actual damages, statutory treble damages, actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's statutory conversion of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for recovery of the sums of money upon which the Defendant was unjustly enriched by Defendant's receipt of property in the form of the Plaintiff's money fraudulently secured by the Defendant under the Settlement Agreement

and actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to a full accounting from the Defendant in the Plaintiff's interest in the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to Plaintiff's recovery of interest in and quiet title to the subject matter portion of real property that Plaintiff acquired from Target along with actual costs, reasonable attorney fees, and such other relief as the Court deems appropriate and just arising out of the Defendant's fraud upon a court and a party;

Further, find in favor of Plaintiff and enter an order for declaratory relief holding that the Plaintiff is entitled to the imposition of a constructive trust to enjoin Defendant from disposing, moving, liquidating or otherwise engaging in the diminution of the value of personal and real property until such time as the Plaintiff is rendered whole for the amount of sustained damages, award actual, punitive, and treble damages, along with costs and actual and reasonable attorney fees and lost interest so wrongfully incurred in having to prosecute the Plaintiff's claims along with any other relief deemed appropriate by this Honorable Court based on the Defendant's fraudulent misrepresentations and conduct under the circumstances.

Dated:  July 5, 2024

Respectfully submitted,

/s/ Phillip A. Greenblatt (P54170)
PHILLIP A. GREENBLATT, PLLC
Phillip A. Greenblatt (P54170)
Attorney for Plaintiffs
P.O. Box 4270
Southfield, MI 48037
(248) 227-7350
phil@phillipagreenblattpllc.com

44