UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RICHMOND MAIN, LLC,
A Michigan Limited Liability Company

    Plaintiff,

vs.

FRENCHTOWN SQUARE PARTNERSHIP,
An Ohio General Partnership

    Defendant.

Hon. Denise Page Hood

Case No. 2:24-cv-12106

_____/

| | |
|---|---|
| PHILLIP A. GREENBLATT, PLLC<br>Phillip A. Greenblatt (P54170)<br>Attorney for Plaintiff<br>P.O. Box 4270<br>Southfield, Michigan 48037<br>(248) 227-7350<br>phil@phillipagreenblattpllc.com | PHILIP A. COSTELLO, PLLC<br>Philip A. Costello (P36075)<br>Attorney for Defendant<br>111 S. Macomb Street<br>Monroe, Michigan 48161<br>(734) 241-8300<br>pascostello@brblaw.net |

_____/

## MOTION TO COMPEL PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes Defendant, Frenchtown Square Partnership ("Defendant"), in accordance with Fed. R. Civ. Pro. 37 and Local Rule 37, and moves the Court for entry of an order compelling Plaintiff, Richmond Main, LLC ("Plaintiff"), to appropriately respond to Defendant's First Request for a Production of Documents. The Request was served on February 14, 2025. Plaintiff provided its responses on March 22, 2025, however, the responses were incomplete and contained entirely improper objections.

Defendant informed Plaintiff of its deficiencies on April 3, 2025. Despite the subsequent reminders from Defendant, Plaintiff and its legal counsel have failed to supplement its deficient production. Defendant has in good faith attempted to confer with Plaintiff's legal counsel to obtain the documents without court action. Unfortunately, this motion to compel has become necessary. The reasons for granting this Motion are outlined in the attached Memorandum in Support.

Respectfully Submitted,

Dated: May 27, 2025

/s/ _____
Philip A. Costello (P36075)
Attorney for Defendant
111 S. Macomb Street
Monroe, Michigan 48161
(734) 241-8300
pascostello@brblaw.net

## MEMORANDUM IN SUPPORT

I.  BACKGROUND OF THE CASE

Defendant and Plaintiff entered into a Settlement Agreement regarding the payment of various fees and maintenance requirements under an Operating and Easement Agreement. Plaintiff, amongst other items, now alleges that it was fraudulently induced into signing the Settlement Agreement and filed suit against Defendant on July 11, 2024. Defendant served its First Set of Requests for the Production of Documents on Plaintiff on February 14, 2025. (See Exhibit A). Defendant issued the following requests for production of documents to Plaintiff:

1. Records of each, any and all communications between you and Target Corporation related in any manner to the Target Tract.

2. Records of each, any and all communications between you and Frenchtown Square Partnership related in any manner to the Target Tract.

3. Records of each, any and all communications between you and any insurance company, insurance agency and/or insurance broker related in any manner to the Target Tract.

4. Bids, quotes, estimates and records of communications between you and any contractor or paving company related in any manner

3

to the Target Tract.

5. Records of any appraisal(s) and evaluation(s) of the Target Tract.

6. Records of any examination, investigation or inspection of the Target Tract.

7. Records relating to the allegations of fraud in the Complaint.

On or about March 22, 2025, Plaintiff provided its response to Defendant's First Request for Production of Documents. However, this response was incomplete and deficient in multiple respects. Specifically:

1. Plaintiff improperly objected to Request No. 1, asserting Defendant would somehow have possession of communications to a sale of land it was not a party to.

2. In Plaintiff's response to Request No. 2, provided electronic communications but failed to provide include the attachments.

3. Plaintiff improperly objected to Request Nos. 3, 4, 5, & 6 by claiming the requests were irrelevant to the litigation, despite the fact Plaintiff raised points directly related to such requests in its Complaint.

4. Plaintiff's responses to Request Nos. 1 through 6 were also incomplete because Plaintiff failed to produce relevant documents because they were in possession of Plaintiff's prior counsel.

4

Recognizing these deficiencies, Defendant sent Plaintiff a detailed letter on April 3, 2025, outlining the above-listed issues and requesting that Plaintiff promptly supplement its production to ensure compliance with its discovery obligations. (See Exhibit B).

Defendant's counsel subsequently inquired with Plaintiff regarding the expected timeline for providing the supplemental documents. On that same day, Plaintiff's counsel assured Defendant that the requested materials would be produced in the following week. (See Exhibit B). Despite follow up communications and efforts to obtain the necessary documents, Plaintiff has still failed to adequately respond.

## II. LAW ON DISCOVERY

All of Defendant's discovery requests are appropriate under of Fed. R. Civ. Pro. 26(b), which generally governs the allowable scope of discovery requests. As a result, Plaintiff is required to timely and appropriately respond to the same pursuant to Fed. R. Civ. Pro. 34. ("The party upon whom the request is directed must respond in writing within 30 days after being served …."). Plaintiff has failed to do so. Fed. R. Civ. Pro. 37 provides remedies when an opposing party fails to cooperate with discovery and authorizes the filing of a motion to compel discovery. Additionally, Fed. R. Civ. Pro. 37 requires the aggrieved party to make a reasonable effort to resolve the

matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought prior to filing a motion to compel. Defendant did this, and Plaintiff has still not issued the appropriate responses. Therefore, Plaintiff should be ordered to provide complete responses to Defendant's First Request for Production of Documents.

## III. CONCLUSION

Plaintiff Frenchtown Square Partnership, in accordance with Fed. R. Civ. Pro. 37 and Local Rule 37, asks the Court for entry of an order compelling Plaintiff Richmond Main, LLC to completely and appropriately respond to Defendant's First Request for Production of Documents by producing to Defendant all of the responses and documents requested therein within twenty-eight (28) days.

Dated: May 27, 2025

Respectfully Submitted,

/s/ Philip A. Costello
Philip A. Costello (P36075)
Attorney for Defendant
111 S. Macomb Street
Monroe, Michigan 48161
(734) 241-8300
pascostello@brblaw.net

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Motion to Compel Plaintiff's Response to Defendant's First Request for Production of Documents was sent by email to Attorney Phillip A. Greenblatt at phil@phillipagreenblattpllc.com this 27TH day of May 2025.

Respectfully Submitted,

/s/ *signature*
Philip A. Costello (P36075)
Attorney for Defendant
pascostello@brblaw.net

EXHIBIT A.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

RICHMOND MAIN, LLC,
A Michigan Limited Liability Company

    Plaintiff,

vs.

FRENCHTOWN SQUARE PARTNERSHIP,
An Ohio General Partnership

    Defendant.

Hon. Denise Page Hood

Civil Action No. 2:24-cv-12106

---

PHILLIP A. GREENBLATT, PLLC
Phillip A. Greenblatt (P54170)
Attorney for Plaintiff
P.O. Box 4270
Southfield, Michigan 48037
(248) 227-7350
phil@phillipagreenblattpllc.com

PHILIP A. COSTELLO, PLLC
Philip A. Costello (P36075)
Attorney for Defendant
111 S. Macomb Street
Monroe, Michigan 48161
(734) 241-8300
pacostello@brblaw.net

---

## DEFENDANT'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Pursuant to Rule 26, Frenchtown Square Partnership requests that Richmond Main, LLC, produce the documents and electronically stored information listed below within 28 days.

In these requests, "you" or "your" refer to Richmond Main, LLC, its officers, agents, representatives, members, managers and employees, and anyone acting on its or their behalf.

By "record" these requests mean the original and any copies of any documents, including, without limitation, any correspondence, writings, emails, texts, meeting

minutes, notes, photographs, audio, visual material, and electronically stored information in any format.

By the "Target Tract" these requests mean the Target Tract as defined in the Assignment and Assumption of Operation and Easement Agreement dated on or about May 12, 2021.

## DOCUMENTS AND ESI REQUESTED.

1. Records of each, any and all communication between you and Target Corporation related in any manner to the Target Tract.

    RESPONSE:

2. Records of each, any and all communications between you and Frenchtown Square Partnership related in any manner to the Target Tract.

    RESPONSE:

3. Records of each, any and all communications between you and any insurance company, insurance agency and/or insurance broker related in any manner to the Target Tract.

RESPONSE:

4. Bids, quotes, estimates and records of communications between you and any contractor or paving company related in any manner to the Target Tract.

RESPONSE:

5. Records of any appraisal(s) and evaluation(s) of the Target Tract.

RESPONSE:

6. Records of any examination, investigation or inspection of the Target Tract.

RESPONSE:

7. Records relating to the allegations of fraud in the Complaint.

   RESPONSE:

Dated: 2-14-2025

PHILIP A. COSTELLO, PLLC

/s/ Philip A. Costello

Philip A. Costello
Attorney for Defendant
Frenchtown Square Partnership
111 S. Macomb Street
Monroe, MI 48161
(734) 241-8300
pacostello@brblaw.net

EXHIBIT B.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

RICHMOND MAIN, LLC,
A Michigan Limited Liability Company

      Plaintiff,

vs.

FRENCHTOWN SQUARE PARTNERSHIP,
An Ohio General Partnership

      Defendant.

Hon. Denise Page Hood

Civil Action No. 2:24-cv-12106

---

| PHILLIP A. GREENBLATT, PLLC | PHILIP A. COSTELLO, PLLC |
|---|---|
| Phillip A. Greenblatt (P54170) | Philip A. Costello (P36075) |
| Attorney for Plaintiff | Attorney for Defendant |
| P.O. Box 4270 | 111 S. Macomb Street |
| Southfield, Michigan 48037 | Monroe, Michigan 48161 |
| (248) 227-7350 | (734) 241-8300 |
| phil@phillipagreenblattpllc.com | pascostello@brblaw.net |

---

**AFFIDAVIT OF PHILIP A. COSTELLO.**

    I, **PHILIP A. COSTELLO,** being duly sworn, hereby deposes and says the following:

1. The matters attested to herein are based upon my personal knowledge or upon records kept in the ordinary course of business.

2. I am legally competent to testify under oath to the matters stated herein, and I am not under any legal disability that would prevent me from testifying.

1

3. I currently represent Defendant Frenchtown Square Partnership ("Defendant") in the above-captioned matter.

4. On or about February 14, 2025, on behalf of Defendant, I served Plaintiff Richmond Main, LCC ("Plaintiff") with Defendant's First Request for Production of Documents via email to Plaintiff's Counsel, Attorney Phillip A. Greenblatt.

5. On or about March 22, 2025, Plaintiff sent me its response, attached hereto as Exhibit 1, which was deficient in a number of ways. On April 3, 2025, I provided Plaintiff with a communication listing the deficiencies in its response, attached hereto as Exhibit 2, requesting that Plaintiff supplement its production in a timely manner.

6. Since that date, despite significant effort, I have been unable to obtain appropriate responses to Defendant's First Request for Production of Documents. Most recently, on or about May 2, 2025, Plaintiff's counsel said he would get back to me on his supplemental responses within the next week. As of the date of this affidavit, I have yet to receive the supplemented production of documents.

May 27, 2025
Dated

PHILIP A. COSTELLO P36075

2

STATE OF      )
MICHIGAN
MONROE COUNTY  )

Acknowledged before me in the City of Monroe, Monroe County, Michigan on ___May 27___, 2025, by Philip A. Costello.

/s/ _Carrie Beaudrie_
Carrie Beaudrie, Notary public,
State of Michigan, County of Monroe.
My commission expires July 25, 2026.

**CARRIE BEAUDRIE**
Notary Public, State of Michigan
My Commission Expires
July 25, 2026

3