UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND MAIN, LLC,

        Plaintiff,                Case No. 4:24-cv-12106
                                    District Judge Denise Page Hood
v.                              Magistrate Judge Anthony P. Patti

FRENCHTOWN SQUARE
PARTNERSHIP,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (ECF NO. 23)

### A.    Background

Plaintiff Richmond Main LLC initiated this action against Frenchtown

Square Partnership in Monroe County Circuit Court.  Defendant removed the case

to this Court on August 13, 2024, and the case was assigned to Judge Denise Page

Hood.  (ECF No. 1.)  The parties filed a joint discovery plan, in which both parties

stated they did not anticipate any amendments to the pleadings and suggested a

March 15, 2025 deadline for discovery. (ECF No. 8.)  Relying on the parties' joint

proposal, Judge Hood issued a scheduling order which set March 17, 2025 as a

discovery deadline and also set a deadline for all motions other than motions in

limine for April 18, 2025. (ECF No. 9.)

Defendant filed a motion to compel on May 27, 2025. (ECF No. 23.)  Judge

Hood referred the motion to me for a hearing and determination pursuant to 28

U.S.C. § 636(b)(1)(A). (ECF No. 25.)

The matter has been fully briefed, and I conducted a hearing on July 25,

2025.

**B.    Order**

Upon consideration of the motion papers and oral argument, and for all the

reasons stated on the record by the Court, <u>which are hereby incorporated by</u>

<u>reference as though fully restated herein</u>, Defendant's motion to compel (ECF No.

23), is **GRANTED IN PART AND DENIED IN PART**.

In making this determination, the Court is mindful of Federal Rule of Civil

Procedure 26(b)(1), which allows parties to obtain discovery "regarding any

nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case . . ."  The Court considers "the importance of

the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." *Id.*  Finally, "[i]nformation

within this scope of discovery need not be admissible in evidence to be

discoverable." *Id.*

The Court is concerned about the delay that occurred in filing the motion to compel.  Defendant's motion was filed over two months past the discovery deadline and over one month past the deadline for all motions other than motions in limine.  In order to justify filing a motion past a court-imposed deadline, the movant must show "good cause."  Here, Defendant's discovery was served within the discovery period, but Defendant allowed Plaintiff an extension to respond to the discovery requests a few days beyond the discovery deadline.  Under these circumstances, where Plaintiff requested and received an extension that allowed it to produce after the discovery deadline, prohibiting the Defendant from filing a motion to compel *any time* after the close of discovery would have the perverse effect of encouraging parties to take advantage of professional courtesy by giving incomplete responses, arguing that "now you can't do anything about it."

Ten days after receiving the discovery responses, Defendant's counsel sent a detailed letter explaining the deficiencies in the discovery response.  The parties attempted to resolve their disputes, but much of the delay was due to Defendant's apparent good faith effort to resolve the dispute.  On the other hand, the Court notes that approximately two months passed between Defendant's outline of deficiencies, over two months passed since the offending discovery responses, and over 70 days passed since the close of discovery before Defendant got around to filing this motion, which may be characterized as undue delay.

However, Plaintiff admitted on the record that he only "substantially complied" with the requests (even through the date of the hearing), that he supplemented his requests three or four times (the parties dispute the exact number) only *after* the motion was filed (*see* Fed. R. Civ. P. 37(a)(5)(A), which awards attorney fees in those circumstances), and that he *still* has not provided all the discovery requested.  Additionally, Plaintiff's discovery responses repeatedly state only that it has produced documents "in the Plaintiff's possession" (*see, e.g.*, ECF No. 28-1, PageID.625, No. 2), as opposed to certifying that it produced items in its "possession, custody and control," as required. *See Frye v. CSX Transp., Inc.*, No. 14-11996, 2016 WL 2758268, *4 (E.D. Mich. May 12, 2016); *see also Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008).  Counsel argues that Defendant already has some of the discovery in its possession, but as the Court explained on the record, Defendant is allowed to use discovery to determine what information is in Plaintiff's possession, custody, or control and of what evidence Plaintiff may be on notice, and to test the completeness of Defendant's own records.

Taking all of this into consideration, and proceeding under Fed. R. Civ. P. 1's admonition to administer and employ the Rules in a manner that is "just," and for the reasons stated more fully on the record, the Court **GRANTS IN PART and DENIES IN PART** Defendant's motion (ECF No. 23) and **ORDERS** Plaintiff to

respond to the limited requests brought to the Court's attention by defense counsel at the hearing, as narrowed by the Court on the record.  Specifically, the motion is denied as moot and untimely, with the exception of the request for ten attachments to certain the emails designated as Bates Stamp Nos. MOM285, 289, 314, 317, 357, 359, 360, 363 and 382.

As to the emails, the Court will require that Defendant's counsel ensure that he does not already possess the limited documentation that the Court is willing to compel.  Subsequently, he must consult with Plaintiff's counsel to request only the email attachments that he or his client do not already have in their possession.  As Plaintiff's counsel acknowledged at the hearing, his client has a duty to supplement *through trial*, not, as suggested in its brief, conditional to the Court modifying the scheduling order (see ECF No. 28, PageID.618), and is expected to comply with the Court's order. Fed. R. Civ. P. 26(e).

Although the federal rules allow costs to be awarded when the nonmoving party produces discovery only after a motion was filed, the Court is cognizant that Defendant's motion was not timely brought.  In essence, the Court has found that Defendant has only shown good cause for its delay in bringing the motion as to a very limited subset of the discovery at issue. *See Santifer v. Inergy Auto Sys*., LLC, No. 5:15-cv-11486, 2016 WL U.S. Dist. LEXIS, at *4 (E.D. Mich. Jul. 27, 2016) (requiring good cause for bringing a motion to compel after the close of

discovery).  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court

must not order the payment of attorney's fees if circumstances make an award of

expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).  The Court finds that an award of

attorney's fees to either Plaintiff or Defendant in this case is unjust, as both sides

are at fault to some extent.  Moreover, where, as here, the motion is neither fully

granted nor fully denied, an award of costs and expenses is merely discretionary,

not mandatory. Fed. R. Civ. P. 37(a)(5)(C).  Consequently, no costs will be

awarded to either side.

 **IT IS SO ORDERED.**[1]

Dated:  July 28, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a
period of fourteen (14) days after being served with a copy of this order within
which to file objections for consideration by the district judge under 28 U.S.C. §
636(b)(1).