UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND MAIN, LLC,

          Plaintiff,                    Case No. 4:24-CV-12106
                                          District Judge Denise Page Hood
v.                                    Magistrate Judge Anthony P. Patti

FRENCHTOWN SQUARE
PARTNERSHIP,

          Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND (ECF NO. 24)

**A.**    **Background**

Plaintiff Richmond Main LLC initiated this action against Frenchtown Square Partnership in Monroe County Circuit Court. Defendant removed the case to this Court on August 13, 2024, and the case was assigned to Judge Denise Page Hood. (ECF No. 1.) The parties filed a joint discovery plan, in which both parties stated they did not anticipate any amendments to the pleadings and suggested a March 15, 2025 deadline for discovery. (ECF No. 8) Relying on the parties' joint proposal, Judge Hood issued a scheduling order which set March 17, 2025 as a discovery deadline and gave no deadline for motions to amend the pleadings as no amendments were anticipated. (ECF No. 9.) Judge Hood also set a deadline for all motions, other than motions in limine, for April 18, 2025. (ECF No. 9)

On January 28, 2025, Defendant filed a motion to dismiss (ECF No. 15), which has been fully briefed.  Judge Hood heard oral argument on the motion on May 28, 2025, and the motion was taken under advisement.  A week after the hearing, on June 4, 2025, Plaintiff filed a motion to amend the complaint, in which it seeks to add a new party (Cafaro Company) and two new claims (Breach of Contract and Promissory Estoppel), based on new legal theories it claims to have discovered after finally reviewing the files of Plaintiff's prior counsel.  (ECF No. 24.)  Judge Hood referred the motion to me for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (ECF No. 25.)[1]  The matter has been fully briefed, and I conducted a hearing on July 25, 2025.

---

[1] In its response brief opposing the motion to dismiss, Plaintiff argued that the motion should be denied, but in the alternative, sought leave to amend and attached a proposed amended complaint. (ECF No. 19, PageID.333, 335-336; ECF No. 19-3.)  This was done in violation of two local rules: E.D. Mich. LR 5.1(e), which states that, "Motions must not be combined with any other stand-alone document[;]" and, E.D. Mich. LR 7.1(i), which states that, "Motions must not be combined with any other stand-alone document. *For example*, a motion for preliminary injunctive relief must not be combined with a complaint, *a counter-motion must not be combined with a response or reply*, and a motion for downward departure must not be combined with a sentencing memorandum. Papers filed in violation of this rule will be stricken." (Emphases added).  As reported by counsel at the hearing on the instant motion, Judge Hood did not take up the embedded, alternative request for leave to amend, but instead instructed that a separate motion would have to be filed, consistent with the local rules; however, the Court does not take this to mean that Judge Hood opined about the *timeliness* of such a motion after conducted a *Foman v. Davis* analysis, *infra*., but rather, was merely a corrective instruction as to proper *procedure*, consistent with the fact that she referred the motion for leave to amend to me on the merits.

**B.**    **Standard**

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  An amendment is futile if it could not withstand a motion to dismiss.  *Thikol Corp. v. Dept. of Treasury*, 987 F.2nd 376, 383 (6th Cir. 1993).

Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In determining whether to grant the amendment, the Court considers the reasons set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962), where the Supreme Court stated that leave should be freely given, "[*i]n the absence of *any* apparent or declared *reason* -- undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

3

the opposing party by virtue of allowance of the amendment, futility of amendment, *etc*." (emphases added). [2]

## C.    Analysis

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to amend (ECF No. 24), is **DENIED**.

### 1.  Undue prejudice and burden on the Court

<u>As more fully articulated on the record</u>, and in light of the holding in *Foman*, the Court finds that Plaintiff's motion is untimely, and allowing the amendment at this late date would result in undue prejudice to Defendant.  Discovery is closed, and, as confirmed at the hearing, the parties let the deadline pass without taking even a single deposition.  The motion deadline has passed.  Plaintiff does not bring this motion based on any "new" information, but based on information contained in his prior attorney's file, and thus in Plaintiff's control since the inception of the lawsuit.  Due diligence required new counsel to obtain his client's file from the previous attorney.  *See Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich.

---

[2] Contrary to the suggestion made by Plaintiff at oral argument, *Foman* does not present some sort of a *balancing test* of the list it gives as *examples* of "reasons" why leave may be denied; rather, the language of *Foman* is clear that the Court need only justify its denial on the basis of a single reason, included but not limited to those listed as examples.  Hence the Court's use of the words, "any" and "etc."

2008) ("The Courts have held that documents in the possession of a party's agent – for example, an attorney – are considered to be within the party's control."); *see also In re Rupert*, 309 F.2d 97 (6ᵗʰ Cir. 1962). Instead, Plaintiff waited until all deadlines in this case have passed before bringing a motion to amend. And it did so while a motion to dismiss its original pleading was not only pending, but had already been argued and taken under advisement. The Sixth Circuit has consistently held that motions to amend may be considered untimely and prejudicial in the absence of an explanation for the lapse in time between the original complaint and the proposed amendment, where discovery is already concluded, and where dispositive motions have either been filed or the deadline for filing them is fast approaching. *Gunnels v. Kenny*, 700 F. App'x 478, 484 (6ᵗʰ Cir. 2017) (citing *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898-899 (6ᵗʰ Cir. 2006) and *Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6ᵗʰ Cir. 1999)).

Significantly, lest it be suggested that that the instant request was already before the Court (albeit in improper form) through Plaintiff's alternative request for leave embedded in its response to the pending motion to dismiss (*see* n. 1, *supra.*), the proposed amended complaint attached to its response before Judge Hood (ECF No. 19-3) does not include the additional party and either the breach of contract or promissory estoppel claims that it seeks to add in the instant motion

(*see* ECF No. 24-4).[3]  Defendant suggests that this post-hearing request to add a party and two claims demonstrates Hippocrates' admonition that "desperate times lead to desperate measures." (ECF No. 30, PageID.752.)  Perhaps.  Or, as the Court sees it through the lens of sports, this extremely late-in-the game attempt to add a party and claims based on information that was admittedly within the control and available to Plaintiff from before the coin toss has the distinct look of a "Hail Mary" pass.

Moreover, in filing the motion to amend, Plaintiff did not bring any motion to extend the discovery deadline—nor would the Court be inclined to grant a motion to extend under these circumstances.  If the Court allowed the amendment, Defendant would be prejudiced either by defending without discovery with respect to the new defendant, or by expending additional resources to begin the litigation afresh at this late juncture.  Further, as Plaintiff acknowledged at oral argument, Defendant would need more discovery to explore both the two new claims and theories of recovery that Plaintiff proposes to add, and would entitle the proposed new party to complete discovery.  This would be particularly prejudicial given the pendency of the motion to dismiss.  If the Court were to allow amendment, the current motion to dismiss would likely to be denied as moot and Defendant would

---

[3] The breach of contract claim it proposed to add in ECF No. 19-3 was against the existing Defendant only, and thus grounded in a different theory of contractual relationships than what is proposed now with an additional party to be added in.

be prejudiced in briefing, filing, and arguing yet another motion to dismiss, based on the proposed amendment.  And even if this were not so, Judge Hood would not have the two new claims and the new party before her in the motion now under advisement, necessitating additional dispositive motion practice with respect to those.  Thus, if the instant motion were granted at this late juncture, Defendant would be prejudiced *both* by having to engage in future discovery and motion practice, *and* by the waste of its previous efforts in support of the pending motion to dismiss. *See Donaldson v. DeJoy*, No. 22-1651, 2024 WL 3493870, at *5 (6th Cir. May 1, 2024) (affirming a denial of leave to amend where Plaintiff "was on notice months earlier that his claims were deficiently pleaded, and allowing an amendment would require the parties to re-brief the defendants' motion to dismiss, resulting in additional delay.").  This is to say nothing of the delay in obtaining a final result in this case, which is not the first case between these parties related to this same subject matter, and which is the subject, at least in part, of a prior settlement agreement. (*See* ECF No. 14-1, PageID.228-235, 237-243.)   "It is a truism, but should always be borne in mind and given greater emphasis, that justice delayed is justice denied.…" *Skinner v. Lundy*, 149 F. Supp. 57, 60 (W.D. Ky. 1957).  Additionally, the Court itself would be unduly burdened, having already read the briefing, prepared for oral argument, conducted a hearing and taken under advisement the pending motion to dismiss a different version of the complaint than

the one that Plaintiff now proposes.  While "[d]elay alone will ordinarily not justify denial of leave to amend … delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr. V. Illinois Union Ins. Co*., 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).  In the case at bar, we have certainly reached that point as to both prejudice and undue burden.

### 2.  Futility

Finally, the Court also, and alternatively, denies this motion based on the futility of the proposed amendment, as further explained on the record.  Plaintiff seeks to amend the complaint to add a breach of contract claim against Cafaro Company, which was not a party to the relevant contract, with no indication that the individual who signed the contract was operating as an agent of that entity. Plaintiff also attempts to add a promissory estoppel claim despite counsel's admission that there is an express contract governing the exact subject matter,[4] and

---

[4] Under Michigan law, promissory estoppel is not available as a remedy when there is an express contract governing the same subject matter.  *See Zdravkovski v. Charter Twp. of Redford*, 696 F. Supp. 3d 409, 427 (E.D. Mich. 2023) (Berg, J.) (citing *Barber v. SMH (US), Inc*., 509 N.W.2d 791, 796 (Mich. Ct. App. 1993) ("[A] contract will be implied only if there is no express contract covering the same subject matter."); *Reinhart v. Cendrowski Selecky*, P.C., No. 239540, 2003 WL 23104222, at *9 (Mich. Ct. App. Dec. 30, 2003) ("[Q]uasi-contractual remedies such as promissory estoppel are inapplicable where the parties have made an express contract covering the same subject matter."); *Meisner L. Grp. PC v.*

to add claims that appear to have been released, in whole or in part, by settlement and/or foreclosed by a prior judgment in Ohio.  (*See* ECF No. 14-1, PageID.228-235, 237-243.)  Given the existence of two signed contracts (one of which is a settlement agreement) at the heart of this dispute, both related to interests in property, it is also difficult to imagine how the Statute of Frauds would not preclude some or all of the proposed promissory estoppel claim. *See generally,* Mich. Comp. Laws §566.32.

The proposed amendment also includes broad and sweeping claims of alleged duties (*e.g.*, of good faith and fair dealing and/or fiduciary duty) owed that do not appear to be supported by the record.[5]  After acknowledging at oral argument that this was at least, in part, an attempt to pierce Defendant's corporate

---

*Weston Downs Condo. Ass'n*, 909 N.W.2d 890, 903 (Mich. Ct. App. 2017) ("For quantum meruit or unjust enrichment to apply, there must not be an express contract between the parties covering the same subject matter.")).

[5] For example, Plaintiff seeks to allege breach of a duty of good faith and fair dealing against Cafaro Company, which, on the face of the contract at issue, was not a party to the contract. (ECF No. 14-1, PageID.138,186.)  And it seeks to pursue sweepingly broad theories of agency against Defendant, despite contractual language to the contrary, where agency is limited to "obtaining … insurance …." (*See* ECF No. 14-1, PageID.173, 182, §§ 5.4(B) and 6.10.)  Plaintiff also tried to spin an argument at the hearing that Defendant's contractual obligations for Common Area Maintenance (CAM) are an exception to the prohibition against any party acting as an "agent for another Party" (Id., § 5.4), but could not point to any specific language that expressly authorizes agency based on CAM obligations. (*See id.*, PageID.158-162, § 4.2.)

veil by getting to its parent or owner (Cafaro Company) on a fraud theory against it, counsel could not identify any allegations of fraud against Cafaro Company in its proposed amended complaint, let alone allegations meeting the "particularity" required by Fed. R. Civ. P. 9(b). In any case, Plaintiff put forward no legal basis for holding the owner or parent liable for the actions of a related or subsidiary company in these circumstances, and the Court will not now clear a path for conducting post-judgment discovery as to Defendant's corporate relations and assets. In short, the Court finds it highly likely that amended complaint, as proposed, is futile for multiple, independent reasons.

**D.     Order**

For all these reasons, and those further elucidated on the record, Plaintiff's motion to amend is **DENIED** (ECF No. 24.)

**IT IS SO ORDERED.**[6]

Dated:  July 28, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[6] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).